Barney, Judge,
reviewing tbe facts found to be established, delivered the opinion of the court.
This is a suit to recover rent for the period from February 1 to July 1, 1917, for the premises known as No. 1000 Vermont Avenue NW., Washington, D. C., and occupied by the Department of Justice, as well as for damages to the same, ordinary wear and tear excepted, during' such occupancy.
The facts upon which this claim is founded are as follows: On the 29th day of December, 1910, the plaintiff, as the duly authorized agent of the owners of said premises, entered into a lease of the same to the United States, a copy of which lease is annexed to the petition and made a part of the same by reference. The Department of Justice entered into possession of said premises under said lease and remained in possession thereof, paying the agreed monthly rent provided by said lease, until January 31, 1917, when it vacated the same. The Government has paid the agreed rent provided by said lease up to and including the latter date, but has refused to pay any rent since that time. The plaintiff received $283.33 rent for said premises from other parties from June 15 to July 1, 1917. Before vacating said premises the Government gave the plaintiff 30 days’ notice of such intention.
The legal question to be determined in this suit is when, according to the facts as found and by its terms, the period for which said lease was to run expired, whether at the time the premises were vacated by the Government or June 30 thereafter.
The provisions of said lease which are pertinent to this case are as follows:
“To have and to hold said buildings as above specified, with the appurtenances thereunto belonging, from January 1, 1911, to June 30, 1911, inclusive, at a rental at the rate of six thousand eight hundred dollars ($6,800) per annum, payable in equal monthly payments, it being understood and agreed by the parties hereto that the continued use and occupancy of the above specified premises by the party of the second part after the first day of July in any year, in the absence of notice of an intention to terminate the lease as *461 hereinafter provided, shall operate as a renewal of this lease for the following twelve months.
‡ ‡ ‡ ‡ $
“It is hereby understood and agreed by and between the parties hereto that this lease may be terminated by either party giving to the other or his representative notice in writing of an intention to terminate it at least three months prior to the first day of July of the year in which it is to terminate.”
The following provisions of the Code of Law for the District of Columbia are also quoted as having an application upon the question involved:
“ Sec. 1011. What estates in District. — Estates in land in the District shall be estate of inheritance, estates for life, estates for years, estates at will, and estates by sufferance.”
“ Sec. 1032. Estates for years. — An estate for a determinate period of time is an estate for years.”
“ Sec. 1033. Estates from year to year. — An estate expressed to be from year to year shall be good for one year only.”
“ Sec. 1034. Estates by sufferance. — All estates which by construction of the courts were estates from year to year at common law, as where a tenant goes into possession and pays rent without an agreement for a term, or where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like, and all verbal [hirlings] hireings by the month or at any specified rate per month, shall be deemed estates by sufferance.”
If we look at the provisions of the lease alone to determine this question there can be no doubt as to the answer. It provides in unmistakable language that at the end of the first term of the lease the Government shall have the option either to vacate the premises or renew the lease for another year, such intention to renew to be indicated by remaining in possession. Do the provisions of the District Code, as quoted, forbid such construction, indicated in such unmistakable language? At common law the lessee by holding over becomes a tenant for another year and so on from year to year at the will of the parties. But section 1034 changes this rule and provides that in such case a tenant so holding over shall become a tenant by sufferance, of course, with the limitations attending that character of tenancy.
*462 Two questions are here presented: First, does this provision prevent the parties from mutually agreeing otherwise; and if this question is answered in the negative, does the lease in the present case indicate any such purpose? We find no language in the code which can be construed as forbidding the parties to a lease from making any contract they may see fit, as to the length of its term or as to how such length is to be determined.
As was said by Chief Justice Nott in an elaborate and scholarly discussion of this provision of the code, “ It is not the purpose of the statute to change the contract which parties have made for themselves.” Semmes case, 14 C. Cls., 493, 506.
If the Government were forbidden from ranking such a contract it would be helpless when trying to obtain permanent quarters by lease for a large portion of its officers and employees in the District of Columbia. Congress has provided by law that, “ Hereafter no contract shall be made for the rent of any building or part of any building not now in use by the Government to be used for the purposes of the Government until an appropriation therefor shall have been made by Congress.” Act of June 22, 1874, 18 Stat., 144. This law forbids the making of any lease for a longer term than the then pending fiscal year.
The instant case illustrates this difficulty. The Department of Justice at the time this lease was made could not legally rent quarters for its officers and employees for a longer term than one to expire June 30, 1911, that being the close of the fiscal year for which an appropriation had been made by Congress for that purpose. The building which it was desired to rent was a large and expensive one, requiring many changes fitting it for the use of that department and it was confidently expected by both parties that the department would wish to remain in possession several years. Under these circumstances it did the very wise thing of providing for an option to renew the lease if it so desired, and provided the manner in which that option should be declared. Technically speaking, there was no “ holding over ” or provision for the same, as in Morse v. Brainard, 42 App. *463 D. C., 448. The lease simply gave the Government an option to renew the lease for a stated term of one year and provided the manner in which that should be done.
The facts in the case show that the Government did take advantage of such option and remained in possession of the premises until January 31, 1917. During all of this time, after the first five months, if the provision in question was forbidden by the District of Columbia Code as quoted, the Government held possession of the premises as a tenant by sufferance, with all of the disabilities attending such tenancy. We do not think such was the state of affairs, but that under the law and the facts in this case the term of the Government did not expire until June 30, 1917, and that it is liable for rent until that time, less such sum as the plaintiff may have received for rent from other parties after the vacation by the Government and before the expiration of the lease.
As to the amount allowed the plaintiff as damages to the building and the premises over and above ordinary wear and tear and for the cost of repairing the same, there is no room for discussion. There is but little disagreement between the parties as to this item, and the findings show it to be $697.40.
It follows from the foregoing that the plaintiff is entitled to a judgment in the sum of $3,247.40, and it is so ordered.
Hat, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.